## BROOX TAYLOR v. STATE.

No. A-9278.   Aug. 27, 1937.
(69 P. 2d 489.)

Walter Hubbell, of Walters, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, Broox Taylor, for convenience hereinafter referred to as the defendant, was by information charged with the possession of one gallon of intoxicating liquor; was tried, convicted, and sentenced to pay a fine of $50 and to be imprisoned in the county jail for 30 days. The record was properly saved, and the defendant has appealed to this court by petition in error with case-made attached.

The testimony of the state shows that the officers went to the home of the defendant and found no one at home; they claim to have had a search warrant, and claim to have searched the home of the defendant and found two half-gallon jars of whisky.

The defendant objected at the beginning of the trial to any evidence being submitted by the officers as to the search for the reason that there was no proper showing that the officers had a right to make the search. The defendant's objection was overruled and the defendant properly saved the record.

The defendant testifying in his own behalf admitted he had the whisky in his home; that he had it for his wife, who was not in good health, and the baby. The defendant's wife in substance corroborated the testimony of the defendant as to the whisky they had at their home, and the purpose for which it was to be used.

In his assignment of errors the defendant alleges seven errors committed by the trial court. The only error it is deemed necessary to consider is the first assignment; "The court erred in overruling motion of plaintiff in error for a new trial."

All the other grounds alleged in the petition are covered in the motion for a new trial. A careful examination of the record conclusively shows that if there was a search warrant issued to search the home of the defendant, the officer failed to do his duty and serve the warrant as required by law.

Section 2635, O. S. 1931, 37 Okla. St. Ann. 84, provides:

"A copy of said warrant shall be served upon the person or persons found in possession of any such liquor, furniture, or fixtures so seized, and if no person be found in the possession thereof, a copy of said warrant shall be posted on the door of the building or room wherein the same are found."

It is clearly shown by the record that no effort was made by the officer to comply with that section of the statute. The purpose of the statute is that the defendant may have a copy of the warrant so he may examine the same and know it has been issued by one who has the authority, and that it is in proper form as provided by the statute. The defendant is entitled to this right and is entitled to have the law complied with by the officer making the search. The record fails to show that the officer claiming to have the search warrant for the defendant's residence and home made any effort to serve the warrant as provided by the statute, supra, and that the search, or the pretended search, was made by him without any showing that he had complied with the statute and had a valid search warrant, and the entrance into the defendant's residence and the whisky alleged to have been found by the officer was found by an unlawful search and seizure. It is the duty of the officer to follow the statute, and when he fails to do so he cannot trespass upon the rights of a private home and then be permitted to go into court and give his version of what he found.

It is also contended by the defendant that the proof is insufficient to sustain a conviction. There is no proof aside from that obtained by the unlawful search and seizure to warrant the jury in finding a verdict against the defendant, for the reason that the evidence fails to show any effort on the part of the defendant to barter,

sell, give away or otherwise furnish to others any of the whisky in his possession, or any other whisky.

There is no evidence showing or tending to show that the home of the defendant was a place of public resort; nor is there any evidence showing or tending to show that parties were seen going to and returning from the defendant's home at all hours of the day or night; nor is there any evidence that tends to show parties visited defendant's home in an apparently sober condition and left in an intoxicated condition. There is a total failure of proof as to the home being a place of public resort.

The evidence is insufficient to overcome the testimony of the defendant and his wife, and the presumption of innocence which he is entitled to under the law, and which presumption follows him throughout the trial until overcome by competent evidence. For the reasons stated herein, the judgment of the trial court is reversed and remanded, with directions to dismiss.

DOYLE and BAREFOOT, JJ., concur.